JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
MEGAN TRELEAVEN

### DEFENDANTS
FINANCIAL CREDIT SERVICE, INC. D/B/A ASSET RECOVERY ASSOCIATES D/B/A ARA D/B/A ARA, INC.

**(b)** County of Residence of First Listed Plaintiff: HARTFORD COUNTY
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, Email and Telephone Number)*
Law Offices of Nair & Levin, P.C.
707 Bloomfield Avenue, Bloomfield, CT 06002 (860)242-7585

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☒ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. §1692 et seq.
Brief description of cause:
Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 10/06/2016
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44
## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
  **(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
  **(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III. Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V. Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| MEGAN TRELEAVEN,<br>    Plaintiff,<br><br>v<br><br>FINANCIAL CREDIT SERVICE, INC.<br>D/B/A ASSET RECOVERY ASSOCIATES<br>D/B/A ARA<br>D/B/A ARA, INC.,<br>    Defendant. | )<br>)<br>)  Civil Action No.:<br>)<br>)<br>)<br>)  COMPLAINT<br><br>)<br>)<br>)<br>)  October 6, 2016 |

For this Complaint, Plaintiff, MEGAN TRELEAVEN, ("Plainitff"), by undersigned counsel, states as follows:

## JURISDICTION

1.  This action arises out of Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §42-110a, *et seq*.

2.  Jurisdiction of this Court arises under U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy", and 28 U.S.C. §1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.  Supplemental jurisdiction over all state law claims exists pursuant to 28 U.S.C. §1367 *et seq*.

4. Venue is proper in this District pursuant to 28 U.S.C. §1391(b), based on the residence of Plaintiff and because the events and omissions giving rise to the claims in this action occurred in this District, and Defendant transacts business in this District.

## PARTIES

5. Plaintiff is a natural person residing in Simsbury, Connecticut.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. Defendant is an Illinois business entity with an address of 1919 S. Highland Avenue, Suite 225A, Lombard, IL 60148, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. §1692a(6), and attempted to collect a "debt" as defined by 15 U.S.C. §1692a(5).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

9. Upon information and belief, the alleged debt arose from a transaction that was incurred primarily for personal, family, or household purposes, and is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

10. On or about August 29, 2016, Defendant called Plaintiff's cellular telephone, attempting to collect an alleged debt.

11. At all relevant times, Defendant was contacting Plaintiff in its efforts to collect an alleged debt for Bank of Hawaii.

12. Despite Plaintiff advising Defendant that any alleged debt due Bank of Hawaii had been paid in full well over fifteen years ago and no charges had been made for at least that long, Defendant continued to threaten that the debt was still outstanding, that interest was also due and that Plaintiff needed to provide verification of payment in full, despite the age and status of the alleged debt.

13. As such, said telephone call was harassing, oppressive and abusive.

### A. PLAINTIFF SUFFERED ACTUAL DAMAGES

14. Plaintiff has suffered and continues to suffer actual damages as a result of Defendant's unlawful conduct.

15. As a direct consequence of Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotion distress, fear, frustration and embarrassment.

### COUNT I
### VIOLATIONS OF THE FDCPA – 15 U.S.C. §1692, et seq.

16. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. Defendant's conduct violated 15 U.S.C. §1692d in that Defendant engaged in behavior, the natural consequence of which was to harass, oppress or abuse Plaintiff in connection with collection of the alleged debt.

18. Defendant's conduct violated 15 U.S.C. §1692e in that it used false, deceptive, or misleading representations or means in connection with the collection of the alleged debt.

19. Defendant's conduct violated 15 U.S.C. §1692e(2) in that it falsely represented the character and amount of the alleged debt.

20. Defendant's conduct violated 15 U.S.C. §1692e(10) in that it used false representations or deceptive means to collect or attempt to collect the alleged debt.

21. Defendant's conduct violated 15 U.S.C. §1692e(11) in that it failed to disclose in the oral initial communication with Plaintiff that the debt collector was attempting to collect a debt and that any information obtained would be used for that purpose.

22. Defendant's conduct violated 15 U.S.C. §1692f(1) in that it used unfair or unconscionable means to collect or attempt to collect the alleged debt.

23. Defendant's conduct violated 15 U.S.C. §1692g in that it did not, within five days after the initial communication with Plaintiff, send the Plaintiff a written notice containing the amount of the debt, the name of the creditor to whom the debt was owed, a statement that unless the Plaintiff, within 30 days after receipt of the notice, disputed the validity of the debt, or any portion thereof, the debt would be assumed to be valid by the Defendant, a statement that if the Plaintiff notified the Defendant in writing within the thirty day period that the debt, or any portion thereof, was disputed, the Defendant would obtain verification of the debt or a copy of the judgment against the Plaintiff and a copy of such verification or judgment would be mailed to the Plaintiff by the Defendant, and a statement that, upon the Plaintiff's written request within the thirty day period, the Defendant would provide the Plaintiff with the name and address of the original creditor, if different from the current creditor.

24. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA.

25. Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATIONS OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT, CONN. GEN. STAT. §42-110a, et seq.

26. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. Defendant is a "person" as defined by Conn. Gen. Stat. §42-110a(3).

28. Defendant engaged in unfair and deceptive acts and practices in the conduct of its trade, in violation of Conn. Gen. Stat. §42-110b(9).

29. Plaintiff has suffered ascertainable damages and is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, Megan Treleaven, therefore respectfully prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. §1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. All reasonable attorneys' fees, witness fees, court costs and other litigation costs, pursuant to 15 U.S.C. §1692k(a)(3);

4. Actual damages pursuant to Conn. Gen. Stat. §42-110g;

5. Punitive damages; and

6. Such other and further relief as may be just and proper.

Dated: October 6, 2016

RESPECTFULLY SUBMITTED,

By: _____
Walter Onacewicz, Esquire
LAW OFFICE OF NAIR & LEVIN, P.C.
707 Bloomfield Avenue
Bloomfield, CT 06002
Telephone: (860)242-7585
Facsimile: (860)242-2980
wonacewicz@nairlevin.com

Attorney for Plaintiff
CT11198